2/6/2023 2:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72477575
By: Brittany Hall
Filed: 2/6/2023 2:51 PM

CAUSE NO. 2023-01375

| | | |
|---|---|---|
| ROSA FERNANDEZ Individually and as NEXT FRIEND of A.G., a Minor | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| MARIA ELENA MCKELLIGAN | § § | |
| *Defendant*. | § § | 295th JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Rosa Fernandez ("Plaintiff"), Individually and as Next Friend of A.G., a minor and complains of Defendants, Maria Elena McKelligan ("Defendant McKelligan") and Defendant Hy Cite Enterprises, LLC ("Defendant Hy Cite") and for cause of action would respectfully show the Court as follows:

## DISCOVERY CONTROL PLAN

1. Plaintiff request that this case be governed by Discovery Control Plan Level 2, pursuant to TEX. R. CIV. P. 190.3.

## PARTIES

2. PLAINTIFF ROSA FERNANDEZ is a resident of Harris County, Texas.

3. A.G. is the minor child of Plaintiff Rosa Fernandez and also a resident of Harris County, Texas.

4. DEFENDANT MARIA ELENA MCKELLINGAN is a resident of Harris County, Texas who has already been served.



EXHIBIT C

5. Defendant Hy Cite Enterprises, LLC is foreign for-profit entity doing business in Texas and may be served through its registered agent, Corporation Service Company D/B/A CSC-Lawyers Incorporated Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## FACTUAL BACKGROUND

6. On or about June 22, 2022, Plaintiff Fernandez was using a stovetop pressure cooker sold to her by Defendant. Defendant is a vendor for Hy Cite Enterprises, LLC. When Plaintiff Fernandez went to turn off the stove, the pressure cooker exploded burning her face, chest, arms, and legs. The explosion also caused J.G. to suffer severe burns to his neck and chest.

## JURISDICTION

### A. Personal Jurisdiction

7. This Court has personal jurisdiction over Defendants. Defendant McKelligan resides in the State of Texas.

8. This Court has personal jurisdiction over Defendant Hy Cite because (1) Plaintiff resides in Texas; (2) the incident and injuries made the basis of this suit occurred in Texas; (3) the product at issue was sold in Texas; (3) Defendant Hy Cite solicited and conducted business in Texas, derived substantial revenue from such business, and expected or should have expected that their acts would have consequences within Texas. As such, Defendant Hy Cite purposefully itself of this state.

### B. Subject-Matter Jurisdiction

9. This Court has subject-matter jurisdiction over Plaintiffs' claims. Plaintiffs seek damages under the common law and statutes of the State of Texas. The amount in controversy for Plaintiffs' claims is within the jurisdictional limits of the court.

## VENUE

10. Venue for this action is proper in Harris County, Texas, because it is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. *See* TEX. CIV. PRAC. & REM CODE § 15.002(a).

## DAMAGES

11. Plaintiffs seek unliquidated damages in an amount that is within the jurisdictional limits of the court. Plaintiffs seek monetary relief for more than $1,000,000.00 in damages and relief of any kind including, penalties, costs, expenses, prejudgment interest, and attorney's fees.

## CAUSES OF ACTION

### Negligence of Defendant McKelligan

12. Plaintiffs incorporate the facts and allegations explained above as if fully set forth herein.

13. Defendant McKelligan was negligent in selling and/or marketing the pressure cooker.

14. At all times material hereto, the pressure cooker was being used by Plaintiffs for the foreseeable intended purposes for which it was developed, designed, manufactured, tested, sold, and/or marketed. Plaintiffs were the foreseeable intended users of the pressure cooker.

15. Defendant McKelligan owed a duty to Plaintiffs to adequately warn of the dangers inherent in the use of the product it sold and/or marketed. Defendant McKelligan failed to adequately warn consumers of the dangers inherent in its product that is the subject of this suit.

16. Plaintiffs' injuries and damages are the direct and proximate result of the Defendant's negligence, as well as that of its agents, servants, employees, and apparent agents

acting within and during the scope of their employment, authority, or apparent authority. Plaintiffs' injuries and damages are not due to any act or failure on the part of Plaintiffs.

17. Defendant McKelligan was negligent in one or more of the following respects:

   a. Failing to take appropriate steps to ensure the pressure cooker could not explode;

   b. Failing to conduct an appropriate inspection of the pressure cooker;

   c. Marketing, selling, and shipping the pressure cooker in an unsafe condition;

   d. Failing to provide users of the pressure cooker with adequate instructions for its safe use;

   e. Failing to provide users of the pressure cooker with adequate warnings concerning its use;

   f. Failing to thoroughly and adequately test the pressure cooker to ensure that the pressure cooker would not explode in the course of its regular intended use;

   g. Failing to discover defects in, and the dangerous condition of, the pressure cooker;

   h. Failing to remedy the defects in, and the dangerous condition of, the pressure cooker;

   i. Failing to discover defects in, and dangerous inadequacies of, the instructions and warnings provided with the pressure cooker;

   j. Failing to properly test, evaluate, inspect, and assemble the pressure cooker;

   k. Failing to properly advertise the pressure cooker to ensure that it was not unreasonably dangerous;

   l. Failing to warn the public in general, and Plaintiffs in particular, of the dangers presented by the use of Defendant's product;

   m. Failing to exercise due care and act with regard for the safety of those using its products; and

   n. Such other and further acts and/or omissions as may be shown by the evidence at the trial of this cause.

**Negligence of Defendant Hy Cite**

18. Defendant Hy Cite was negligent in manufacturing and/or marketing the pressure cooker.

19. At all times material hereto, the pressure cooker was being used by Plaintiffs for the foreseeable intended purposes for which it was developed, designed, manufactured, tested, sold, and/or marketed. Plaintiffs were the foreseeable intended users of the pressure cooker.

20. Defendant Hy Cite owed a duty to Plaintiffs to adequately warn of the dangers inherent in the use of the product it sold and/or marketed. Defendant failed to adequately warn consumers of the dangers inherent in its product that is the subject of this suit.

21. Plaintiffs' injuries and damages are the direct and proximate result of the Defendant Hy Cite's negligence, as well as that of its agents, servants, employees, and apparent agents acting within and during the scope of their employment, authority, or apparent authority. Plaintiffs' injuries and damages are not due to any act or failure on the part of Plaintiffs.

22. Defendant Hy Cite was negligent in one or more of the following respects:

   a. Failing to take appropriate steps to ensure the pressure cooker could not explode;
   b. Failing to conduct an appropriate inspection of the pressure cooker;
   c. Marketing, selling, and shipping the pressure cooker in an unsafe condition;
   d. Failing to provide users of the pressure cooker with adequate instructions for its safe use;
   e. Failing to provide users of the pressure cooker with adequate warnings concerning its use;
   f. Failing to thoroughly and adequately test the pressure cooker to ensure that the pressure cooker would not explode in the course of its regular intended use;
   g. Failing to discover defects in, and the dangerous condition of, the pressure cooker;
   h. Failing to remedy the defects in, and the dangerous condition of, the pressure cooker;

    i.      Failing to discover defects in, and dangerous inadequacies of, the instructions and warnings provided with the pressure cooker;

    j.      Failing to properly test, evaluate, inspect, and assemble the pressure cooker;

    k.     Failing to properly advertise the pressure cooker to ensure that it was not unreasonably dangerous;

    l.      Failing to warn the public in general, and Plaintiffs in particular, of the dangers presented by the use of Defendant's product;

    m.    Failing to exercise due care and act with regard for the safety of those using its products; and

    n.     Such other and further acts and/or omissions as may be shown by the evidence at the trial of this cause.

23.    Each of the above-listed acts and/or omissions, taken singularly or in combination, was a proximate cause of Plaintiffs' injuries and damages. The above and foregoing acts and omissions of Defendants constitute negligence, which was the proximate cause of Plaintiffs' resulting injuries and damages. Nothing Plaintiffs did or failed to do caused or contributed to cause the occurrence made the basis of this suit.

## PLAINTIFF'S T.R.C.P. 193.7 NOTICE OF SELF-AUTHENTICATION OF DOCUMENTS

24.    Notice is hereby served, that pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, all documents, materials, photographs, or discovery materials produced by Defendant are self-authenticated for use by Plaintiff against Defendant and Plaintiff reserves the right to rely on the authenticity of and to use any of such documents in any pretrial proceeding or at trial in the above entitles and numbered case.

## JURY DEMAND

25.    Plaintiffs hereby demand a jury trial and has already tendered appropriate fee.

## PRAYER FOR RELIEF

26. For these reasons, Plaintiffs respectfully pray that the Court enter judgment against Defendant as follows:

    a. for damages in an amount within the jurisdictional limits of the court;
    b. for reasonable and necessary past and future medical costs and expenses;
    c. for past and future pain and suffering and mental anguish;
    d. for past and future lost wages and lost wage-earning capacity;
    e. for past and future physical impairment;
    f. for pre and post-judgment interest, as allowed by law;
    g. for costs of suit (including costs of depositions and expert witness fees); and
    h. for any additional relief to which Plaintiff may be entitled.

Respectfully submitted,

**JOHNSON GARCIA LLP**

By: /s/ *F. Steeves Hopson, III*
    Juan C. Garcia (SBN 24999045914)
    Daniel Johnson (SBN 24046165)
    F. Steeves Hopson, III (SBN 24106112)
    7324 Southwest Fwy, Suite 545
    Houston, Texas 77074
    Telephone: (832) 844-6700
    Facsimile: (832) 844-6868
    E-mail: juan@johnsongarcialaw.com
    E-mail: daniel@johnsongarcialaw.com
    E-mail: steeves@jonhsongarcialaw.com
    **ATTORNEYS FOR PLAINTIFFS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Guevara on behalf of F. Steeves Hopson
Bar No. 24106112
nancy@johnsongarcialaw.com
Envelope ID: 72477575
Status as of 2/6/2023 5:13 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Johnson | | daniel@johnsongarcialaw.com | 2/6/2023 2:51:47 PM | SENT |
| Juan C.Garcia | | juan@johnsongarcialaw.com | 2/6/2023 2:51:47 PM | SENT |