United States District Court
Southern District of Texas
**ENTERED**
June 16, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSA FERNANDEZ, Individually and as Next Friend of A.G., a Minor, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL CASE NO. H-23-902 |
| MARIA ELENA MCKELLIGAN and HY CITE ENTERPRISES, LLC, | § § § § | |
| Defendants. | § § | |

### MEMORANDUM AND ORDER

This case involves a pressure cooker that allegedly exploded and injured Rosa Fernandez and her minor child, A.G. Hy Cite manufactured the pressure cooker, and Maria McKelligan sold it. Fernandez filed her lawsuit in state court, and Hy Cite removed, alleging that McKelligan, a Texas citizen, was improperly joined to defeat diversity. (Docket Entry No. 1 at 1). Fernandez has moved to remand for lack of federal diversity jurisdiction. (Docket Entry No. 3).

For the following reasons, the court denies the motion to remand.

**I.     Analysis**

In opposition to Fernandez's motion, Hy Cite argues that Fernandez has no claim against McKelligan, making her joinder improper. "[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

> Improper joinder occurs when a plaintiff is unable "to establish a cause of action against the non-diverse party in state court." The test is whether there is "no possibility of recovery by the plaintiff against an in-state defendant" or "no reasonable basis for [predicting recovery] against an in-state defendant." To determine if there was improper joinder, the district court may conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to

determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."

*Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1046 (5th Cir. 2021) (footnotes and citations omitted).

Fernandez asserts that McKelligan was negligent in "selling and/or marketing the pressure cooker." (Docket Entry No. 1-3 ¶ 13). Under Texas law, a negligence claim consists of "(1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *City of Austin v. Lopez*, 632 S.W.3d 200, 210 (Tex. App.—Austin 2021, pet. denied) (citing *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998)). "The existence of a duty is a question of law." *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). A duty arises "from the facts surrounding the occurrence in question." *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005).

Hy Cite's argument is based on a Texas statute, § 82.003 of the Texas Civil Practice and Remedies Code, which provides:

> (a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
>
>> (1) that the seller participated in the design of the product;
>>
>> (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;
>>
>> (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;
>>
>> (4) that:
>>
>>> (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
>>>
>>> (B) the warning or instruction was inadequate; and
>>>
>>> (C) the claimant's harm resulted from the inadequacy of the warning or instruction;
>>
>> (5) that:

> > (A) the seller made an express factual representation about an aspect of the product;
> >
> > (B) the representation was incorrect;
> >
> > (C) the claimant relied on the representation in obtaining or using the product; and
> >
> > (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;
>
> (6) that:
>
> > (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and
> >
> > (B) the claimant's harm resulted from the defect; or
>
> (7) that the manufacturer of the product is:
>
> > (A) insolvent; or
> >
> > (B) not subject to the jurisdiction of the court.

TEX. CIV. PRAC. & REM. CODE § 82.003. Hy Cite contends that Fernandez has not alleged any of the seven exceptions that could make a non-manufacturing seller liable. (Docket Entry No. 4 at 5).

Fernandez alleges that McKelligan "owed a duty to Plaintiffs to adequately warn of the dangers inherent in the use of the product it sold and/or marketed." (Docket Entry No. 1-3 ¶ 15). Fernandez also alleges other duties that McKelligan owed her and her child related to the marketing, inspection, sale, and testing of the pressure cooker. (*Id.* ¶ 17). Fernandez alleges that she was harmed because McKelligan breached these duties. (*Id.* ¶ 16).

These allegations do not trigger the exceptions listed in § 82.003. Fernandez does not allege that McKelligan was responsible for the product's design, or that McKelligan altered or installed the product. Fernandez does not allege McKelligan made a false representation about the product, or that she knew of any defect in the product. Finally, Fernandez has not alleged that

3

liability against Hy Cite is foreclosed by its insolvency or the court's lack of jurisdiction. Fernandez's allegations come closest to the fourth exception, for the seller's provision of inadequate warnings or instructions. TEX. CIV. PRAC. & REM. CODE § 82.003(4). But this exception applies only if "the seller exercised substantial control over the content of a warning or instruction that accompanied the product." *Id* § 82.003(4)(A). There are no allegations that McKelligan exercised such control. Nor are there nonconclusory allegations that any warning that McKelligan did provide was inadequate.

In short, the amended petition provides no basis for recovery against McKelligan. Her joinder is improper, meaning that her Texas residency is not a basis to remand this action.

## II.    Conclusion

The court denies the motion to remand. The claims against McKelligan are dismissed.

SIGNED on June 16, 2023, at Houston, Texas.

　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　Lee H. Rosenthal
　　　　　　　　　　　　　　United States District Judge